**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 25-1171
_____

UNITED STATES OF AMERICA
v.

COREY L. THOMAS, JR.,
Appellant

_____

On Appeal from the
United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 3:23-cr-00062-001)
District Judge: Honorable Robert D. Mariani

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on December 5, 2025

Before: CHAGARES, *Chief Judge*, FREEMAN and BOVE, *Circuit Judges*.

(Opinion filed: December 11, 2025)
_____

OPINION**
_____

---

** This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

BOVE, *Circuit Judge*.

Defendant Corey Thomas entered a conditional guilty plea to a violation of 18 U.S.C. § 922(g)(l). The District Court sentenced Defendant principally to 42 months' imprisonment. Defendant's plea agreement reserved his right to bring this appeal challenging the District Court's denial of his motion to suppress cash seized from his pants and a gun seized from his car. We will affirm.

## I.

We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal. The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291. Legal conclusions in a district court's denial of a suppression motion are subject to *de novo* review, and fact-findings are reviewed for clear error. *See United States v. Curry*, 158 F.4th 153, 158 n.3 (3d Cir. 2025).[1]

## II.

Defendant argues that a Detective violated his Fourth Amendment rights by (1) stopping his car, (2) patting him down and seizing cash from his pants pocket, (3) conducting a probable-cause arrest without a warrant, and (4) searching his car pursuant to a warrant. The District Court rejected these arguments following a suppression hearing that included testimony from the Detective. We likewise find Defendant's arguments to be without merit.

---

[1] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, alterations, and subsequent history.

**A.**

The Detective conducted a lawful *Terry* stop of Defendant's car. *See Terry v. Ohio*, 392 U.S. 1, 30 (1968); *United States v. Cortez*, 449 U.S. 411, 417-18 (1981).

Prior to the *Terry* stop, the Detective watched Defendant engage in what the Detective reasonably believed to have been a drug deal. This started when Defendant parked his car in the driveway of a man known to be "dealing drugs out of the house." App. 106. A man exited the house, got into Defendant's parked car for approximately two minutes, and then returned to the house. After seeing those things, the Detective reasonably concluded that the interaction involved "narcotics activity." App. 107. These "specific and articulable facts" gave the Detective reasonable suspicion to stop Defendant's vehicle. *Terry*, 392 U.S. at 21.

**B.**

The Detective conducted a lawful *Terry* pat-down of Defendant after the stop, which led to a lawful seizure of suspected drug proceeds under the "plain-feel doctrine." *United States v. Greene*, 927 F.3d 723, 726 (3d Cir. 2019).

In order to perform a pat-down during a traffic stop, an officer "must harbor reasonable suspicion that the person subjected to the frisk is armed and dangerous." *Arizona v. Johnson*, 555 U.S. 323, 327 (2009). The Detective's reasonable suspicion was based on his observation of what appeared to be drug activity involving Defendant, the Detective's extensive experience investigating "gun crimes and narcotics," and his concern that "guns and narcotics go together all the time." App. 104, 124. These circumstances

3

were sufficient to warrant the pat-down. *See United States v. Yamba*, 506 F.3d 251, 256 (3d Cir. 2007).

Under the plain-feel doctrine, the Detective lawfully seized a wad of suspected drug proceeds that he discovered in Defendant's pants pocket during the pat-down. The Detective testified that, prior to determining whether Defendant was armed, he felt a "bulge" or "wad" in Defendant's pocket, which he suspected related to drug activity. App. 125, 108. At that point, the Detective could "lawfully perform a more intrusive search" of Defendant's pocket. *Yamba*, 506 F.3d at 259. The District Court concluded that the Detective credibly testified that he seized the cash in connection with that search because he suspected that the funds related to a drug transaction. *See id.*; *see also Greene*, 927 F.3d at 726-27. We detect no error in that conclusion.

### C.

The Detective conducted a lawful warrantless arrest of Defendant based on probable cause. *See United States v. Outlaw*, 138 F.4th 725, 728 (3d Cir. 2025). The Detective's probable-cause determination was supported by his observations of the Defendant up to the point of the arrest, as well as information from other officers about admissions by another suspect regarding jointly undertaken drug activities involving Defendant prior to the stop.

### D.

Following Defendant's arrest, the Detective lawfully searched Defendant's car pursuant to a search warrant. The search revealed the gun that resulted in Defendant's § 922(g)(1) conviction. Contrary to Defendant's argument, the temporary impoundment of

the vehicle while police obtained the search warrant did not offend the Constitution.  *See id.* at 570.  Defendant's remaining appellate challenges to the search of the car are derivative of the arguments we have rejected regarding the stop, pat-down, and seizure of the cash.

### III.

Defendant has not demonstrated that his constitutional rights were violated at any point during the events that led to his conviction.  Accordingly, we will affirm.